PENROSE FERRY BRIDGE CO. (DEVOE v.). See Case No. 3,845.

PENSACOLA (JONES v.). See Case No. 7,488.

PENSACOLA (MILNER v.). See Case No. 9,619.

PENSACOLA & G. R. CO. (UNITED STATES v.). See Case No. 16,028.

## Case No. 10,959.

### In re PENSACOLA LUMBER CO.

[8 Ben. 171.] [1]

District Court, S. D. New York. June, 1875.

BANKRUPTCY — SETTING ASIDE ADJUDICATION — DISSOLUTION OF CORPORATION—JURISDICTION.

1. On the 6th of February, 1875, a petition of the trustees of a corporation, praying for the dissolution of the corporation, with affidavits accompanying, was presented to the supreme court of the state of New York, and thereupon an order was made "that the said corporation be and the same is hereby dissolved and shall from henceforth cease and determine, except only that power is hereby reserved to the officers of said company to convey its property to the said receiver, as hereby directed." No other order was made by the state court in that proceeding. On the 27th of February a voluntary petition in bankruptcy was filed by the corporation, in the view that the proceeding in the state court had been without jurisdiction and was void. An assignee in bankruptcy was appointed, and the proper steps were taken to vest him with the title to the property of the corporation. Creditors of the corporation, who claimed to have obtained liens by attachment of the property of the corporation, on the 15th of February, applied to have the adjudication in bankruptcy vacated, on the ground that the corporation had been dissolved before the filing of the petition in bankruptcy: Held, that, in proceedings in regard to the voluntary dissolution of corporations, under the Revised Statutes of the State of New York (2 Rev. St. 466), no presumption of jurisdiction attends the judgment of the court, but the facts essential to the exercise of jurisdiction must appear upon the record of the court.

2. The order of the state court dissolving the corporation, without a previous order to show cause, its publication, and the report of a master, as required by sections 61, 63, and 65 of the

1 [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Revised Statutes, was without jurisdiction and was void.

3. The application to vacate the adjudication must be denied.

In bankruptcy.

North, Ward & Wagstaff, for application.

W. R. Darling, for assignee in bankruptcy.

BLATCHFORD, District Judge. On the authority of the case of Galpin v. Page, 18 Wall. [85 U. S.] 350, I must hold that the corporation had not been dissolved at the time it presented its petition in bankruptcy to this court. The provisions of the Revised Statutes of New York (2 Rev. St. 466), in regard to the voluntary dissolution of corporations, confer upon the court of chancery, now the supreme court, special powers, to be exercised in a special manner, and over a subject not within the ordinary jurisdiction of the court. These powers are to be exercised on the performance of prescribed conditions. In such a case no presumption of jurisdiction attends the judgment of the court, but the facts essential to the exercise of the special jurisdiction must appear upon the record of the court. Assuming that the petition presented to the state court contained what is required by section 59 of the statute, and was verified as required by section 60 (facts which are, however, disputed), section 61 requires that, on the papers provided for by the preceding sections of the statute being filed, "an order shall be entered requiring all persons interested in 'such corporation' to show cause, if any they have, why 'such corporation' should not be dissolved, before some master of the court, to be named in such order, at some time and place therein to be specified, not less than three months from the date thereof." Section 62 requires notice of the contents of such order to be published in certain newspapers. Section 63 provides for a hearing before the master and for the taking of testimony by him, and for a report thereon by him to the court. Section 65 provides as follows: "Upon the coming in of the report of the master, if it shall appear to the court that such corporation is insolvent, or that, for any reason, a dissolution thereof will be beneficial to the stockholders, and not injurious to the public interest, a decree shall be entered dissolving such corporation, and appointing one or more receivers of its estate and effects; and such corporation shall thereupon be dissolved and shall cease."

In the present case, the petition of the trustees of the corporation, and the affidavits accompanying it, were verified on the 5th of February, 1875, and were presented to the court on the 6th of February. The order made by the court thereupon was not an order to show cause, as required by section 61 of the statute, but was an order "that the said corporation be and the same hereby is dissolved, and shall from henceforth cease and determine, except only that power is hereby reserved to the officers of said company to convey its property to the said receiver, as hereby directed." No other order was ever made by the state court in the proceeding. The petition in bankruptcy was filed in this court on the 27th of February, 1875, by the corporation, acting on the view that it had not been dissolved, and that the proceeding in the state court was without jurisdiction and void. An assignee in bankruptcy has been appointed, and the proper steps have been taken to vest him with the title to the property of the corporation. Creditors of the corporation, who claim to have obtained liens by attachment of the property of the corporation, on the 15th of February, 1875, after it was, as they now allege, dissolved, apply to this court to vacate the adjudication in bankruptcy, on the ground that the corporation was dissolved when, on the 27th of February, it presented its petition in bankruptcy, by having been dissolved on the 6th of February. Of course, their liens can be maintained only by their insisting elsewhere that the corporation was still in being on the 15th of February, for the purposes of their attachments. Yet, being creditors of the corporation, they have a right to intervene and be heard, to make the application to vacate the adjudication.

The order of the state court dissolving the corporation was without jurisdiction. It had no power to make an order of dissolution, without first making an order to show cause, returnable not less than three months afterwards, and without seeing that the order was duly published, and without receiving the report of the master. Only after that should have been done had it any power to make a decree dissolving the corporation, and only "thereupon" could the corporation be dissolved. It appears affirmatively by the record that none of these prerequisites were complied with. The proceeding in bankruptcy then intervened and laid hold of the property of the corporation. The corporation retained its corporate existence and its title to its property, when the petition in bankruptcy was filed, notwithstanding the order made by the state court on the 6th of February. It makes no difference that the petition in bankruptcy was a voluntary petition, and that the petition was not filed by creditors. The corporation received its corporate existence and its functions, by virtue of which its creditors dealt with it, from the sovereign authority of the state. They remained with it when the petition in bankruptcy was filed, it not having then been dissolved by any competent proceeding. The application to vacate the adjudication is denied.

[NOTE. Subsequently a bill for an injunction was instituted by the Freeman's National Bank against C. Edgar Smith, assignee in bankruptcy of the Pensacola Lumber Company. The injunction asked for was denied. Case No. 5,089.]