### DETERMINED IN THE

# FIFTH DEPARTMENT

#### AT

## GENERAL TERM,

### March, 1889.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THE SENECA LAKE GRAPE AND WINE COMPANY, APPELLANT.

*Proceedings to dissolve a corporation, instituted by its board of directors, not a bar to an action by the people to dissolve it because of a forfeiture of its charter — what notice is required in the proceedings by the directors — chapter 378 of 1883 requires service of notice upon the attorney-general of an application to dissolve all corporations.*

In an action, instituted by the attorney general for the purpose of dissolving the defendant, a corporation which was organized under chapter 40 of the Laws of 1848 for the cultivation of grapes, and the manufacture of wines therefrom, the complaint alleged, as grounds for the judgment demanded, that the company did, in June, 1882, sell and dispose of all its land and real estate, and had since that time ceased to exercise its corporate privileges and suspended its ordinary lawful business.

The defendant set up in bar the pendency of another proceeding, instituted prior to the commencement of this action by the directors of the corporation for the purpose of procuring a dissolution of the corporation, under title 11, chapter 17 of the Code of Civil Procedure, and that such proceedings were instituted in good faith and for the purpose of procuring the relief demanded by the said petitioners.

*Held,* that, although the proceedings instituted by the directors were regular up to the time of the presentation of the petition to the court, which was prior in point of time to the commencement of this action, they did not constitute a bar to the prosecution of this action by the attorney general in the name of the people.

That, to sustain a plea of the pendency of a former action, the rule is that it must appear to the court that the first action was for the same cause as the second, and that this rule will be strictly enforced.

That it is not enough that the property in controversy is the same in both actions.

That the facts alleged in the plaintiff's complaint were not the same as those stated in the directors' petition, as grounds for the dissolution of the corporation, the action being based upon non-user of its corporate franchises and the petition of the directors alleging its insolvency; that the aim and purpose of the action was, in some respects, different from that which might be accomplished in the proceedings instituted by the board of directors.

The answer set forth an order, which was granted on the presentation of the petition, in the proceedings instituted by the directors, requiring all persons interested in the corporation to show cause, before a referee designated in the order, at a time and place therein specified, why the prayer of the petition should not be granted, but did not contain a provision requiring the persons interested to show why the corporation should not be dissolved, as is required by section 2423 of the Code of Civil Procedure. The order, as granted, was to be published and a copy served on the creditors and other parties, but there was no provision therein directing that a copy of the petition should be served therewith.

*Held,* that the order was in the nature of a process for bringing persons interested before the court, and that unless its provisions were in strict compliance with the statute it was void.

*Matter of Pyrolusite Manganese Company* (29 Hun, 430) followed.

That, as in this case, a perusal of the order would not inform either the creditors or stockholders that the dissolution of the corporation was demanded or contemplated by the proceedings, the order was void and the court did not acquire complete jurisdiction over the proceedings sought to be instituted by the board of directors.

That section 8 of chapter 378 of the Laws of 1883, entitled "An act in relation to receivers of corporations," requiring that a copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon, in every action for the dissolution of a corporation, shall, in all cases, be served on the attorney-general, applies to proceedings for the voluntary dissolution of corporations, and the court has no jurisdiction to entertain such proceedings unless a service of such notice is made or waived.

APPEAL from a judgment entered in the office of the clerk of Yates county on September 6, 1888, upon an order made at chambers, in the court-house at Canandaigua, dissolving the defendant corporation; and, also, from an order made at the Monroe Special Term striking out the defendant's answer as frivolous, and ordering judgment for the plaintiff for the relief demanded in the complaint, which was entered in the said clerk's office on September 3, 1888.

The defendant corporation was organized under chapter 40 of the Laws of 1848, for the cultivation, raising and selling grapes and the manufacture of wines and brandies therefrom.  The judgment appointed a receiver of the assets of the corporation, and it also contained the usual and customary directions to receivers as to the mode and manner in which they should proceed in the discharge of their duties, and provided for the distribution of the assets among the creditors of the corporation.  This action was commenced in June, 1888.

*M. Rumsey Miller*, for the appellant.

*William S. Oliver*, for the respondent.

BARKER, P. J. :

The attorney-general instituted this action for the purpose of procuring, by the judgment of this court, a dissolution of the defendant corporation.  The complaint alleges, as grounds for the judgment demanded, that the company did, in June, 1882, sell and dispose of all its lands and real estate, and has since that time ceased to exercise its corporate privileges and suspended its ordinary and lawful business.  It is not alleged in the complaint that the corporation was insolvent, nor is it so determined by the judgment.  The facts averred, if true, worked a forfeiture of the defendant's franchise, and the State had a right to demand its surrender.  The attorney general could not prosecute an action or institute other proceedings for the purpose of extinguishing the corporate life of the defendant, without the sanction and authority of the legislature.  Such authorization was given him by the provisions of article 3, title 2, chapter 15 of the Code of Civil Procedure.  By section 1785 an action to procure the dissolution of a corporation and a forfeiture of its corporate rights, privileges and franchises may be maintained whenever it has suspended its ordinary and lawful business for at least one year.  The attorney-general proceeds upon this one ground alone.  The defendant appeared in the action, and by its answer, pleaded in bar of a further prosecution of this action, the pendency of other proceedings, instituted prior to the commencement of this action by the directors of the corporation, for the purpose of procuring a dissolution of the corporation, as provided in title 11, chap-

ter 17 of the Code of Civil Procedure. For the purposes of this appeal the answer will be construed as containing the following averments: That prior to the commencement of this action, the board of directors presented a petition to this court at Special Term, in the proper county, praying for a dissolution of the defendant corporation and for the appointment of a receiver of its property, and that the said company should be dissolved, setting forth in such petition the reasons why the directors deemed it beneficial to the interests of the stockholders that the said corporation should be dissolved, and that the facts alleged made a case for a dissolution within the provisions of section 2419; that the form of the petition was in full compliance with the statute on that subject, and the rules and practice of the court; and that there was attached to such petition, which was made a part thereof, the schedule provided by section 2421. The petition was duly verified and presented to the court on the 31st day of May, 1888, which was before the commencement of the action, and thereupon the court appointed a referee; and, in such order, all persons interested in the corporation were requested to show cause before the referee, on or before the day named therein, why the prayer of the petition should not be granted. The answer alleged that the petitioners had caused such order to be sent to the newspapers mentioned therein, with direction to have the same published according to the terms thereof; but the answer does not allege that any other or further proceedings have been had in pursuance of the provisions of such order. It does allege that the proceedings were instituted in good faith, and for the purpose of procuring the relief demanded by said petitioner. Upon the plaintiff's motion, the answer was adjudged frivolous and judgment ordered for the plaintiff.

Although the proceedings instituted by the directors were regular up to the time of the presentation of the petition to the court, which was prior in point of time to the commencement of this action, they do not constitute a bar to the prosecution of the same by the attorney-general in the name of the people. The facts alleged in the plaintiff's complaint are not the same as those set forth in the directors' petition, as grounds for the dissolution of the corporation, and the aims and purposes of the action are, in some respects,

different from those which might be accomplished in the proceedings instituted by the board of directors. The people prosecute their action because of the default of the corporation to perform and acccomplish the end and object for which it was created. It is a tacit condition of a grant of a corporation that it shall accomplish the purposes for which it was created. Proceedings for the voluntary dissolution of a corporation may be instituted by the board of directors on the ground of its insolvency. (Sec. 2419). The powers of the court in an action prosecuted by the people are greater than those conferred upon the court in proceedings founded on the petition of the board of directors. In the former the court has the power, upon proof of the facts authorizing the action to be maintained, to grant an injunction order restraining the corporation and its trustees from collecting or receiving any debt or demand, or from paying out or in any way transferring or delivering to any person any money, property or effects of the corporation during the pendency of the action, without the express permission of the court. And where the action is brought to procure the dissolution of the corporation the injunction may also restrain it and its trustees, directors and managers from exercising any of its corporate rights, privileges or franchises pending the action. The court may also, at any stage of the proceedings, appoint a temporary receiver to act until final judgment is awarded. (Secs. 1787, 1788.) In such action where the stockholders, directors, trustees or other officers of the corporation are made liable in any event or contingency for the payment of a debt, they may be made parties to the action, and their liability may be declared and enforced by the judgment in the action. (Secs. 1791, 1792.) In voluntary proceedings no receiver of the property and effects of the corporation can be appointed until the final order is granted decreeing its dissolution, nor is any provision made in the statute restraining the officers of the corporation from exercising any of their ordinary functions and powers prior to making the final order of dissolution. We think it obvious that it was not intended by the legislature that the voluntary proceedings for the dissolution of the corporation should preclude the people, by the attorney-general, from commencing an action to procure a dissolution of a corporation for any of the grounds stated in section 1785. As a general rule, a cause of forfeiture cannot be taken

advantage of and enforced against a corporation, except by the government creating the corporation, which alone can institute such a proceeding, as it may waive a broken condition, express or implied, in the act of incorporation.

The sole ground for demanding a dissolution of the corporation in this action is non-user. For that reason it may be dissolved, although it is solvent. The only ground assigned by the directors in their petition is the insolvency of the company. The proofs which would support the proceedings instituted by the board of directors would not support this action, for the complaint alleges another distinct ground for the relief demanded. To sustain a plea of a former action pending, the rule is that it must appear to the court that the first action was for the same cause as the second, and it will be strictly enforced. It is not enough that the property in controversy is the same. (*Dawley* v. *Brown*, 79 N. Y., 390.) We think it also appears, by the defendant's answer, that at the time this action was commenced the court had not acquired complete jurisdiction over the proceedings sought to be instituted by the board of directors, and for that reason the answer was properly held to be frivolous. On presentation of the petition the statute directs that the court may make an order requiring all persons interested in the corporation to show cause before it, or before a referee designated in the order, at a time and place to be therein specified, why the corporation should not be dissolved. (Sec. 2423.) The answer sets forth an order which was granted on the presentation of the petition, but it does not contain a provision requiring the parties interested to show cause why the corporation should not be dissolved, but the provision inserted is, that they should show cause why the prayer of the petition should not be granted. The order, as granted, is to be published and a copy served on the creditors and other parties. There is no provision that a copy of the petition shall be served therewith. By a perusal of the order neither the creditors or the stockholders would be informed that a dissolution of the corporation was demanded or contemplated by the proceedings. In the *Matter of Pyrolusite Manganese Company* (29 Hun, 430) the order was in the same form as the one granted in a voluntary proceeding, and it was there held that such an order failed to comply with the statute, and for that reason the proceedings were not

legally commenced; that the order was in the nature of a process for bringing persons interested before the court, and unless its provisions were in strict compliance with the statute, it was void.

We also think that the court failed to acquire complete jurisdiction over the subject-matter, and that the order was void for the reason that the requirements of section 8, chapter 378 of the Laws of 1883, were not observed. The act is entitled "An act in relation to receivers of corporations." The eighth section requires that a copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court, in every action for the dissolution of a corporation, shall, in all cases, be served on the attorney-general in the same manner as provided by law for the service of papers on attorneys who have appeared in actions, whether the application be *ex parte* or upon notice, and any order or judgment granted in any such action or proceeding, without service of the papers on the attorney-general, shall be void. It is plain that this requirement applies to proceedings for the voluntary dissolution of corporations; and the purpose of the statute is to require notice to be given to the attorney-general of the time and place when the petition will be presented to the court, that he may be present and be heard upon the initiatory application as well as all the other proceedings to be had in the matter; and unless service of such notice is waived, the court has no jurisdiction to entertain the proceeding, and, as the statute has declared, the order is void. For these reasons, we think, the answer upon its face appeared to be frivolous, and was properly stricken out and judgment awarded in the plaintiff's favor for the relief demanded.

The judgment and order are both affirmed, with costs.

DWIGHT and MACOMBER, JJ., concurred.

Judgment and order affirmed, with costs.