Points decided.

[No. 1763.]

ALBERT L. HETTEL, Petitioner, v. THE FIRST
JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR ESMERALDA COUNTY,
AND THE HON. FRANK P. LANGAN, DISTRICT JUDGE,
AND JUDGE OF SAID DISTRICT COURT, RESPONDENT.

1. CORPORATIONS—DISSOLUTION—REVIEW.  One who is a stockholder in and a
director of a corporation and who is the administrator of an estate
owning nearly a third of the stock thereof is in his individual and
official capacities interested in and affected by a proceeding under the
general corporation law, March 16, 1903, sec. 94 (Stats. 1903, p. 155),
instituted by another stockholder and resulting in *ex parte* orders dis-
solving the corporation and appointing a receiver to wind it up, and
he may on *certiorari* review the same.

2. SAME—DISSOLUTION—JURISDICTION OF COURT.  The court cannot, on the.
application of a stockholder of a corporation and without notice or
hearing, enter orders dissolving the corporation and appointing a
receiver to wind it up, though a statute attempts to confer such
authority.

3. STATUTES—CONSTRUCTION.  A statute must be construed, if possible, so as
to give it force and effect.

4. CORPORATIONS—DISSOLUTION—STATUTES—CONSTRUCTION.  The general cor-
poration law, March 16, 1903, sec. 94 (Stats. 1903, p. 155), authorizing
the court, on the application of the holders of one-tenth of the stock
.of a corporation, to dissolve the corporation, and appoint a receiver,
where the directors are guilty of mismanagement, or where the cor-
porate assets are in danger of waste through litigation, etc., "and in
all cases * * * directors who have not been guilty of negligence
* * * shall have the right to be preferred in making such appoint-
ment," only authorizes the court to dissolve a corporation and appoint
a receiver on a proper showing after all parties in interest have had
an opportunity to be heard, and the court cannot dissolve a corpora-
tion and appoint a receiver on a mere petition of the owner of more
than one-third of the stock alleging that the corporate assets are in
danger of waste, without notice to the corporation, its officers, or any
person interested therein.

5. SAME—APPEARANCE—JURISDICTION.  The appearance of a corporation after
the making by the court of *ex parte* orders dissolving it and appoint-
ing a receiver to wind it up, upon the petition of the holder of more
than one-third of the stock, conferred no jurisdiction on the court to
make the orders.

6. CERTIORARI—ESTOPPEL.  A stockholder who filed a petition, in proceed-
ings instituted by another stockholder to dissolve a corporation and
appoint a receiver, alleging that there was no necessity for the disso-
lution of the corporation, and that the appointment of the receiver
was made without authority on specified grounds, and who subse-
quently filed a motion to vacate the orders dissolving the corporation
and appointing a receiver based on the petition, was not estopped to
question by *certiorari* the jurisdiction of the court to make the orders.

ORIGINAL PROCEEDING. *Certiorari* by Albert L. Hettel against the First Judicial District Court, in and for Esmeralda County, and Frank P. Langan, Judge, to review orders made in the case of W. T. Hall against the Interstate Lumber and Mill Company. **Orders annulled.**

*D. S. Truman,* for Petitioner:

I. The court never acquired jurisdiction in this proceeding to make the orders complained of. (52 Ala. 220; 71 Miss. 725; 6 Cal. 318; 102 Ind. 14; 27 Pac. 413; 32 Ill. 79; 43 Mich. 292; 45 Mich. 379; 74 Pac. 426; 2 Nev. 313; 2 Duer, N. Y. 632; 25 N. W. 947; 59 Hun, 176; 29 Hun, 430; 50 Pac. 852.) There must be a pending suit. (137 Fed. 149.) *Certiorari* is the proper remedy. (53 Cal. 39.) The proceedings in this case were without due process of law, and to uphold the same would render the statutes unconstitutional. (111 N. Y. 1; 17 Ency. Pl. & Pr. 684–700.) Appointment by the judge in vacation is void. (105 U. S. 77; 58 Miss. 634; 46 Ind. 119; 56 Cal. 626; 17 Ency. Pl. & Pr. 700.) Appointment of a receiver. (Comp. Laws, 3241; Stats. 1903, sec. 94; 5 Pomeroy, 137; 59 Pac. 15; 80 N. W. 820; Black on Receivers, sec. 125, *et seq.*; 5 Cal. 476; 53 Cal. 389; 103 Am. St. Rep. 111; 13 Colo. 460; 27 Tex. 78; 30 Atl. 528; 18 Fla. 531; 21 Tex. 594; 1 Head, 123; 38 Atl. 636; 35 Pac. 842; 71 Pac. 236; 93 N. W. 510; 28 Atl. 578; 29 Atl. 163; 34 N. J. L. 31; 14 N. W. 66.)

*Thompson, Morehouse & Thompson,* for Respondents:

I. The plaintiff is a stockholder and director. There is not a single fact showing his right to take the place of the corporation. (104 U. S. 450; 12 Am. St. Rep. 337; 110 U. S. 209.) The corporation is the defendant, and the record shows that it does not complain. (27 N. J. L. 539; 24 N. J. L. 370.)

II. Notice can be waived, because the rule is that, if the proceeding be such that the court could appoint a receiver at all, it is only an irregularity. (5 Pomeroy, Rem. 137; 34 Atl. 91; 82 N. W. 116; 71 Pac. 711; 80 N. W. 820; 40 Pac. 144; 72 Pac. 732.)

III. The petitioner must have grievance of his own. (23 Me. 10; 31 Me. 578; 63 Mich. 416; 27 N. H. 405; 44 N. J. L. 360; 8 Cush. 529.)

IV.  The court had jurisdiction.  (Sec. 94, Act of 1903; 60 Cal. 578; 97 Cal. 56; 96 Cal. 119, 210; 101 Cal. 135.)  If any injury he has his remedy on the bond of the receiver.

V.  Dissolution does not destroy the rights between parties or contracts or ownership of property.

VI.  There is no notice required upon stockholder nor a director.  (98 Ga. 537; 105 Ind. 171; Comp. Laws, 3117, 3608; 2 Ency. Pl. & Pr. 605; 3 Nev. 202; 71 Md. 79; 77 N. Y. 272; 53 S. C. 414.)

By the Court, NORCROSS, J.:

This is an original proceeding in *certiorari* to review certain orders of the trial court made in the case of *W. T. Hall, Plaintiff*, v. *Interstate Lumber and Mill Company, a Corporation,* dissolving said corporation and appointing a receiver therefor.

The petition herein alleges: That the petitioner is a director of said corporation, and, also, that he is the administrator of the estate of Frank H. Hipp, deceased, which estate is the owner of about one-third of the capital stock of said corporation.  That on or about the 3d day of March, 1908, said W. T. Hall, the owner of more than one-third of the capital stock of said corporation, and a director therein, filed in the above-entitled district court a complaint or petition setting forth that said corporation has a capital stock of $100,000. That said W. T. Hall is the president, and W. T. Hall, Jr., is the secretary and treasurer of said corporation, who, together with F. R. Hall, A. C. Wood, and A. L. Hettel, petitioner herein, are the directors of said corporation.  That 200 shares of the par value of $100 per share have been paid up, and the remaining 800 shares are in the treasury.  That the assets of said corporation, if properly managed and controlled, are the sum of $103,142, and liabilities exist in about the sum of $33,544.  That owing to the depressed conditions in business, and the inability of said defendant corporation at the present time to meet the demands made against it, the said corporation is in danger of its assets being wasted through attachment or litigation, and is liable at any time to be attached, and therefore be unable to carry on and

continue its business, or be put to very large and useless expense by way of litigation, and its assets wasted thereby. By reason of these alleged facts it was averred that said corporation should be dissolved, and that a receiver should be appointed to take charge of the business and affairs of said corporation, that its property may be preserved, its creditors paid, and its assets cared for. An order was prayed for accordingly to be made upon the filing of the complaint or petition. That in said action so instituted by said W. T. Hall, no summons has ever been issued, or service had upon said corporation, its officers, or any person interested therein. That on the 25th day of February, 1908, on an *ex parte* application of W. T. Hall, and upon said complaint, and before the filing thereof, the said district judge made an order appointing one E. S. Rose receiver for said corporation, which order after entitlement of court and cause, reads as follows: "Upon reading the verified complaint of the plaintiff herein, and it duly appearing to the court that it is a proper case wherein to appoint a receiver, it is hereby ordered that E. S. Rose be appointed receiver in the above proceeding, with full power to take charge of the assets, control and business of the Interstate Lumber and Mill Company, a corporation transacting business at Goldfield, in the County of Esmeralda, State of Nevada, and to immediately list and report all of the assets of said corporation and its entire liabilities, and to do any and all things as may be ordered and directed by this court, and that he execute a bond for the faithful performance of his duties as such receiver in the sum of $15,000. * * * And the directors of said corporation and each of them are hereby restrained from exercising any of its powers, or doing any business whatever on behalf of said corporation, except through, by, and under the aforesaid receiver. [Dated] Feb. 25th, 1908. Frank P. Langan, Judge of the District Court, in and for the County of Esmeralda, State of Nevada. [Indorsed] Filed March 3, 1908. E. Hardy, Clerk, by A. C. Roach, Deputy." That thereafter, and on the 14th day of March, 1908, *ex parte* and upon said complaint or petition, said district judge made an order confirming the appointment of said receiver, and dissolving said corpora-

tion, which order, after entitlement, reads as follows: "Upon the verified complaint of the plaintiff, and the facts therein appearing sufficient, under section 94 of an act of the legislature of the State of Nevada, entitled 'An act providing a general corporation law,' approved March 16, 1907, it is hereby ordered, adjudged, and decreed that the said defendant, the Interstate Lumber and Mill Company, a corporation, be and the same is hereby dissolved, and that the order heretofore made, appointing E. S. Rose receiver of said corporation, be and the same is hereby confirmed. * * * And it is further ordered that within ten (10) days from the making of this order, the said receiver shall file in office of the Secretary of State of Nevada a duly certified copy of the order appointing him receiver, and a duly certified copy of this order. And it is further ordered that the said receiver shall publish in the Goldfield Daily Tribune * * * the decree appointing him receiver. * * * Frank P. Langan, Judge of said District Court. [Indorsed] Filed March 14, 1908. E. Hardy, Clerk, by J. B. Rourke, Deputy."

The petition herein further avers that for the reasons aforesaid said orders so made were without, and in excess of, the jurisdiction of said district court and the judge thereof, and that petitioner herein applied to said district court and the judge thereof, upon due notice and proper pleadings therefor served upon said W. T. Hall, to vacate and annul each of said orders, and the same, coming on to be heard on the 16th day of April, 1908, was denied. Petitioner herein further avers that the complaint upon which said orders were based fails to state facts sufficient to give the court jurisdiction to make said orders, and that petitioner has no appeal, nor other plain, speedy, and adequate remedy. In response to the writ, respondent certified up the original papers and files in the court below, and filed herein a motion to quash the writ. Without setting out the motion to quash, we will consider such points raised therein as are deemed essential to a determination of the questions involved.

The contention that the petitioner herein is not a party beneficially interested, so as to entitle him to institute this proceeding, we think is without merit. He is both a director

and a stockholder, and avers that he is the administrator of an estate which owns nearly one-third of the stock of the company.  Necessarily both in his individual and official capacity he is interested in, and affected by, the proceedings sought to be reviewed.

The proceedings in the lower court were brought under the provisions of section 94 of "An act providing a general corporation law" (Stats. 1903, p. 155, c. 88), which section reads as follows:   "Whenever a corporation has in ten consecutive years failed to pay dividends amounting in all to five per cent of its entire outstanding capital, or has wilfully violated its charter, or its trustees or directors have been guilty of fraud or collusion or gross mismanagement in the conduct or control of its affairs, or its assets are in danger of waste through attachment, litigation or otherwise, or said corporation has abandoned its business, and has not proceeded diligently to wind up its affairs, or to distribute its assets in a reasonable time, or has become insolvent and is not about to resume its business with safety to the public, any holder or holders of one-tenth of the capital stock may apply to the district court, held in the district where the corporation has its principal place of business, for an order dissolving the corporation and appointing a receiver to wind up its affairs, and may by injunction restrain the corporation from exercising any of its powers, or doing any of its business whatsoever, except by and through a receiver appointed by the court.   Such court may, if good cause exist therefor, appoint one or more receivers for such purpose, but in all cases directors or trustees, who have been guilty of no negligence nor active breach of duty shall have the right to be preferred in making such appointment, and such court may at any time for sufficient cause make a decree dissolving such corporation and terminating its existence."

The foregoing section provides for a number of situations, the existence of any of which would authorize the court to make an order appointing a receiver and dissolving the corporation.   The corporation in the present instance is sought to be dissolved, and a receiver appointed, upon the ground that "its assets are in danger of waste through attachment and

litigation." Manifestly, the corporation, its officers and stockholders, are interested in any such proceeding. The statute makes no provision for the procedure to be followed to obtain such order.

For the holder or holders of one-tenth or any other interest of the capital stock of a corporation to be able to secure an order of dissolution, and as a result of such order place the corporation in the hands of a receiver upon the mere application for such order without notice or hearing, could not, we think, be sustained, even though an attempt to confer such authority upon a court by statute were made. (10 Cyc. 1309; *Wright* v. *Cradlebaugh*, 3 Nev. 349; *People* v. *Seneca Lake Co.;* 52 Hun, 174, 5 N. Y. Supp. 136; *Crowder* v. *Moone*, 52 Ala. 220.) But the section of the statute in question does not confer such authority upon the court. It simply provides that a holder or holders of one-tenth of the capital stock may apply to the district court for such an order. The statute must be construed, if possible, to give it force and effect. It cannot have effect unless such an order can be made only upon a showing after all parties interested have had an opportunity to be heard. In the present case, for example, large property interests are involved. The stockholders not joining in the petition may be able to show, if given an opportunity, that no real cause exists for a dissolution and the appointment of a receiver, and that the making of such an order might result in serious damage to stockholders opposing the order. Besides, the statute provides that "in all cases directors or trustees, who have been guilty of no negligence nor active breach of duty, shall have the right to be preferred in making such appointment" of receiver. This would seem to make the directors or trustees at least proper parties to the proceeding, in order that they may set forth their claims for the receivership, if they desire so to do. It is our conclusion that a district court has no jurisdiction to make an order dissolving a corporation and the consequent appointment of a receiver under the provisions of the statute, upon a mere petition such as was filed in the court below.

If the showing is such that some immediate action is nec-

essary to protect the interests of the corporation pending a hearing, the equitable powers of the court are ample for such purpose. It is claimed by counsel for respondent that the corporation defendant in the lower court appeared in the action in opposition to the motion of the petitioner herein made therein to vacate the orders in question, and the corporation expressly approved of such orders. This appearance on the part of. the corporation was not made until after the order dissolving it. The corporation was represented by the same counsel who appeared for the plaintiff in the action, and its answer to the motion of petitioner was verified by the plaintiff in the action. Such an appearance, if it could be considered an appearance by the corporation (*Pressley* v. *Harrison*, 102 Ind. 14, 1 N. E. 188), conferred·no jurisdiction upon the court to make the previous orders.

It is contended that petitioner is not entitled to be heard in this proceeding, because he acquiesced in the proceedings in the lower court by appearing therein and asking for his own appointment as receiver. The record certified up from the lower court shows that on the 24th day of March, 1908, the petitioner herein filed a petition in the lower court, in which, among other things, he averred: "There is absolutely no necessity in fact, nor in law, nor in equity, why this company should be placed in the hands of a receiver, nor why the same should be dissolved and wound up, nor why its business should not be continued. Your petitioner further shows that the appointment of said receiver, E. S. Rose, and the order hereinbefore made dissolving the Interstate Lumber and Mill Company, are entirely *coram non judice*, made without any authority of law, and that said orders, at the time when the same were made, were entirely unwarranted in this: First— There has never been any summons issued nor other process issued, nor ever served upon the Interstate Lumber and Mill Company, in this proceeding. Second—The court never has obtained jurisdiction, in any manner, of the said defendant. Third—Said Interstate Lumber and Mill Company has never had, in any legal manner, nor been served, in any manner, with any notice whatsoever of this proceeding to dissolve it and destroy its ability to act in its corporate capacity.

Wherefore your petitioner prays that the order dissolving this corporation be revoked, that the order appointing said E. S. Rose, receiver of the Interstate Lumber and Mill Company, be dissolved, that your petitioner appointed receiver of said company, or that such other and further relief be had in the premises as shall be meet and proper herein."

Upon March 27, 1908, the petitioner herein filed a motion to vacate the orders dissolving the corporation and appointing a receiver, which motion was made on the said petition filed on March 24th, and on the records and files in the proceeding, and based upon the following grounds: "First—That said orders were made in a case not allowed by law, as the complaint fails to show the conditions in law warranting the action of the court. Second—The court did not have any jurisdiction to make the orders, at the time the same were made, over the person of the defendant herein. Third—That the same were made without notice to this defendant first having been given. Fourth—That the receiver, who was appointed, is not the one preferred by law, in a proper case for the appointment of a receiver of a corporation."

We think petitioner is not estopped by reason of his action taken in the lower court to question by *certiorari* the jurisdiction of said court to make the orders in question.

The court not having jurisdiction over the person of the corporation defendant and over the natural persons interested in the subject-matter of the orders at the time when they were made, the order of date the 25th day of February, 1908, appointing a receiver for the defendant corporation, and the order of date the 7th day of March, 1908, dissolving the corporation and confirming the said order appointing the receiver, are, and each of them is, void, and the same are hereby annulled. Petitioner is entitled to the costs of this proceeding.