[No. 1711.]

C. C. TURNER, PETITIONER, *v.* HON. F. P. LANGAN, AS
JUDGE OF THE FIRST JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, LYON COUNTY, AND I. H.
STROSNIDER, RESPONDENTS.

1. PROHIBITION—WHEN WRIT WILL LIE—REMEDY BY APPEAL. The writ of
   prohibition will not lie to restrain a judge of the district court from
   canvassing the returns from an election precinct in an election con-
   test, since the party aggrieved by any erroneous action of the court
   has an adequate remedy by appeal.

APPLICATION of C. C. Turner for a writ of prohibition
directed to F. P. Langan, District Judge of the First Judicial
District of the State of Nevada, and I. H. Strosnider. **Denied.**

The fact sufficiently appear in the opinion.

*Alfred Chartz*, for Petitioner.

*C. E. Mack*, for Respondent:

I. A writ of prohibition never issues to review what has
already been done, nor to prevent the doing of an act which
is not threatened to be done. (*Coker* v. *Superior Court*,
58 Cal. 178.) An order of prohibition may issue from the
supreme court of this state in a proper case to arrest the
progress of a trial, but such order should not issue when there
is another and adequate remedy. (*Low* v. *Crown Point M.
Co.*, 2 Nev. 75.)

II. It is well established that when an appeal affords a
complete and adequate remedy and the same ends can be
accomplished, although perhaps not in so expeditious a
manner, the party is not entitled to the extraordinary remedy
of prohibition, but must have resort to his remedy by appeal.
(*White* v. *Superior Court*, 110 Cal. 58.) The writ of prohi-
bition lies only where there has been an excess of jurisdiction
and there is "not a plain, speedy, and adequate remedy in
the ordinary course of law." The petitioner, having a right
of appeal from any order made by the inferior court, is not
entitled to a writ of prohibition. (*Havemeyer* v. *Superior
Court*, 84 Cal. 327.)

III. In all cases of contested elections the district court
of the respective districts shall have original jurisdiction to

try and determine all such cases, and may, by *mandamus* or otherwise, obtain all documentary evidence required by either of the parties litigant. (Comp. Laws, 1621, 1622, 1623, 1624, 1625, 1635; *Garrard* v. *Gallagher*, 11 Nev. 386.)

IV. The petition of C. C. Turner shows that he and his colleagues, as commissioners of Lyon County, acting as a board of canvassers, passed upon the Churchill returns and refused to canvass the same, because the returns were irregular and indicative of a fraud perpetrated after the votes had been cast, and having once acted on the returns they cannot be compelled by *mandamus* to determine whether or not a question of fraud had been perpetrated after the returns and votes had left Churchill Precinct, even if this were the only question set forth in the complaint and answer. (McCreary on Elections, par. 57; *People* v. *Supervisors of Green*, 12 Bar. 217; *State* v. *Rodman*, 43 Mo. 256; *Oglesby* v. *Sigman*, 58 Miss. 502; McCreary on Elections, 362, 363.) To have attempted to determine the question of how many votes in other precincts had been thrown out that had been cast for contestant, as alleged in the complaint, also to determine the question as to how many ballots were thrown out and not counted for contestee by the various boards of election of Lyon County, by *mandamus* against said board of county commissioners of Lyon County, would have been the height of folly.

By the Court, NORCROSS, J.:

This is an application, upon notice to respondents, for the issuance of a writ of prohibition directed to the respondent, F. P. Langan, as District Judge of the First Judicial District in and for Lyon County, and commanding him to refrain from canvassing the returns from a certain election precinct in said county called Churchill Precinct, in a certain election contest for the office of short-term county commissioner, now pending before said court, in which the respondent, I. H. Strosnider, is plaintiff and contestant, and petitioner, C. C. Turner, is the defendant and contestee. The writ is also asked for the purpose of prohibiting the respondent judge from deciding the contest.

The petition sets forth the pleadings in the contest and a purported recital of the proceedings thus far had showing present status of the case. Respondents have appeared by counsel, and have opposed the issuance of the writ, upon the ground that no sufficient showing has been made warranting the invoking of this extraordinary remedy. The plaintiff and contestant in the lower court set up in his complaint that he had received at the general election in 1906 for the said office of short-term county commissioner 282 votes, and that his opponent, C. C. Turner, received 279 votes, and that, by reason of his having received a majority of three votes, the contestant was regularly and legally elected.

The complaint further alleges that the board of county commissioners met on the .......... day of November, 1906, and canvassed the returns for all the precincts of said Lyon County, excepting the said Churchill Precinct, which they refused to canvass, with the result that, by such canvass, it was found that plaintiff and contestant had received 275 votes, and said defendant Turner had received 277 votes for said office, a majority of two votes in favor of the defendant. The answer in the lower court denies the allegations of the complaint relative to the plaintiff having received a majority of the votes cast, and further alleges facts which he claims makes the returns from Churchill Precinct void and improper to be canvassed.

The defendant's answer, following the language authorized by the statute in election contests, further "charges the facts to be that, in other precincts in said County of Lyon, votes were thrown out and not counted that were cast for defendant and contestee, by the various boards of election for Lyon County, that should have been counted for defendant, and that said various boards of election in said county counted votes for plaintiff that were illegal by reason of having distinguishing marks, which should not have been counted, and counted votes for plaintiff that should have been counted for defendant." The complaint also contained a similar allegation in plaintiff's favor. (Comp. Laws, 1624.)

The case proceeded to trial upon the issues made by the pleadings. When the plaintiff offered in evidence the returns

from Churchill Precinct, the defendant objected to their introduction, upon the grounds of immateriality and incompetency. The admissibility of the returns of Churchill Precinct was regarded as of such vital importance to the case that both sides took time to file briefs upon the question. It appears that these briefs have been filed, but that the respondent judge has not as yet determined their admissibility.

Petitioner sets forth in his petition that the respondent threatens to admit the returns and ballots of this precinct, and will do so unless prohibited therefrom by this court. From the showing made upon the hearing, we think it cannot be said that the trial court has, as yet, made any intimation as to how he will determine the question presented to him. But even if we concede, solely for the purposes of the case and the argument, the contentions of petitioner that the trial court is threatening to admit and count the ballots of Churchill Precinct, and that he will do so unless restrained, and that such act will be beyond the jurisdiction of the court, nevertheless it is not such a showing as would warrant the restraining of such proceedings by writ of prohibition.

In the recent case of *Bell* v. *District Court*, 28 Nev. 280, this court in its opinion quoted with approval from the opinion of Hawley, C. J., in the case of *Walcott* v. *Wells*, 21 Nev. 51, 24 Pac. 368 (9 L. R. A. 59, 37 Am. St. Rep. 478), the following: "The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity. Before it should issue, it must appear that the petitioner has applied to the inferior tribunal for relief. The object of the writ is to restrain inferior courts from acting without authority of law in cases where wrong, damage, and injustice are likely to follow from such action. It does not lie for grievances which may be redressed, in the ordinary course of judicial proceedings, by appeal. It is not a writ of right, but one of sound judicial discretion, to be issued or refused according to the facts and circumstances of each particular case. Like all other prerogative writs, it is to be used with caution and forbearance, for the furtherance of justice, and securing order and regularity in

judicial proceedings in cases where none of the ordinary remedies provided by law are applicable. The writ should not be granted except in cases of usurpation or abuse of power, and not then unless the other remedies provided by law are inadequate to afford full relief. If the inferior court has jurisdiction of the subject-matter of the controversy, and only errs in the exercise of its jurisdiction, this will not justify a resort to the extraordinary remedy by prohibition."

If the trial court should admit the ballots from Churchill Precinct, and if it were, as contended by counsel for petitioner, that the trial court has no jurisdiction so to do, and injury results therefrom to petitioner, the remedy by appeal, we think, is adequate to afford full relief. It is not alone requisite that the trial court be without jurisdiction in the premises, but it must satisfactorily appear that wrong, damage, or injustice is likely to follow from the threatened action, and that no other remedy will afford full relief. The trial court unquestionably has jurisdiction of election contests between rival claimants to a county office. If the contest is improperly instituted, or if the complaint sets forth matters not within the court's jurisdiction, or if incompetent evidence is admitted upon the hearing, the remedy by appeal will ordinarily, at least, afford full relief, provided the proper objections and exceptions are taken in the trial court.

We think the showing insufficient to entitle petitioner to the writ, and the same is denied.