### ATWATER v. COMMUNITY FUEL CORPORATION.

(District Court, E. D. New York. July 9, 1923.)

1. **Courts ☞328(2)—In creditor's suit for appointment of receiver for corporation, value of defendant's property is amount involved for jurisdictional purposes.**

In a suit by a creditor against a corporation for the appointment of a receiver, the value of defendant's assets, and not the amount of complainant's claim, is the test of the amount involved for the purposes of federal jurisdiction.

2. **Receivers ☞31—Consent of defendant corporation to appointment is not collusion.**

In a suit in equity against a corporation for the appointment of receivers to conserve its assets, the consent of defendant is not such collusion as is forbidden by the courts.

3. **Receivers ☞142—Court will protect good-faith purchasers from receivers.**

Where third parties have purchased property from receivers in good faith and without any reason to suspect any defect in the receivers' title the court will not dismiss the suit and vacate all proceedings therein, on application of a trustee in bankruptcy of defendant appointed months afterward.

In Equity. Suit by William B. Atwater against the Community Fuel Corporation. On motion of trustee in bankruptcy to dismiss suit. Denied.

See, also 291 Fed. 689.

---

Harry C. Lewis, of New York City, for plaintiff.

Edward M. Grout and Paul Grout, of New York City, for Frank Morse and associates.

Augustus H. Skillin, of New York City (Dean Potter, of New York City, of counsel), for receivers.

Robert B. Honeyman, of New York City, for Campbell, Heath & Co.

Edwin J. Dryer, of New York City, for trustee.

GARVIN, District Judge. This is a motion by the trustee in bankruptcy of the defendant herein, for an order vacating the decree appointing receivers herein, dated February 6, 1923, and the decree making the receivership permanent, dated April 20, 1923, dismissing the bill of complaint herein, and dismissing all proceedings founded thereon or taken thereunder, and all proceedings heretofore had in this action, on the following grounds:

"I. That this court sitting in equity has no jurisdiction of the parties or the subject-matter.

"II. That this action does not really or substantially involve a dispute or controversy properly within the jurisdiction of this court sitting in equity.

"III. That the parties to said suit have been improperly and collusively made as plaintiff and defendant for the purpose of creating a case within the jurisdiction of this court sitting in equity.

"IV. That the action is not an action between citizens of different states.

"V. That the matter in controversy, exclusive of interest and costs, does not exceed the sum or value of $3,000.

"VI. That since the 23d day of February, 1923, the United States District Court for the Eastern District of New York in bankruptcy has had and now has exclusive jurisdiction of the matters involved in this suit and this court sitting in equity since said February 23, 1923, has had no jurisdiction over or with the property of Community Fuel Corporation, bankrupt or with the administration of the estate of said bankrupt."

The petition in bankruptcy was filed against the defendant herein after this action in equity was begun and receivers in equity were appointed. After several months, during which the estate was administered by the receivers in equity, the trustee in bankruptcy was elected and qualified. The trustee contends that the action was collusive inasmuch as plaintiff is not in truth and in fact a resident of another state from that of which the defendant is a citizen and that the matter in controversy does not exceed $3,000. The trustee presents facts which if uncontroverted tend to show that the plaintiff, having been a resident of Orange county, N. Y., for a considerable number of years was a resident thereof in the latter part of the year 1922.

In reply to the affidavits presented in behalf of the trustee the plaintiff submits an affidavit in which he positively avers that his residence at the time the bill of complaint was verified was and still is at Charleston, S. C. His affidavit sets forth in detail his connection with the town of Woodbury, Orange county, where he has voted in years past.

One has a right arbitrarily to select his place of residence, and upon the proof presented I should not be justified in dismissing the equity proceeding, upon the ground that plaintiff has been proved to be a resident of the state of New York. I have considered carefully the testimony given by the plaintiff herein in the bankruptcy proceedings

before the referee, and I do not find that that in any way affects his right to claim legal residence in South Carolina.

[1] With respect to the contention that the jurisdictional amount is insufficient, the trustee submits testimony given by the plaintiff herein which it is claimed establishes that the plaintiff's real claim against the defendant is based upon unpaid salary due him and that the rest of plaintiff's claim, which brings it to an amount over $3,000, is based upon a note assigned to him in order to permit him to bring the action. Whether or not the plaintiff's original claim was less than $3,000 is of no consequence. The assets of the defendant are greatly in excess of the latter sum. That is the test and not the amount of plaintiff's claim. Taylor v. Decatur (C. C.) 112 Fed. 449; Jones et al. v. Mutual Fidelity Co. (C. C.) 123 Fed. 506.

[2] With respect to the charge of collusion, I do not understand that, in an action in equity brought against a corporation for the purpose of conserving its assets, the consent and approval of the defendant is such collusion as is forbidden by the courts. The theory of such an action in equity is that the defendant will co-operate in an honest attempt to conserve the assets for proper distribution among the creditors.

The receivers oppose the motion to dismiss on the ground that the jurisdiction of the court cannot now be questioned by a trustee in bankruptcy appointed months after the court assumes jurisdiction of the equity action. I incline to the opinion that this contention is good, although a determination thereof is not necessary to a decision of the motion.

[3] When the motion to dismiss the equity proceeding was argued, counsel appeared in behalf of Frank H. Morse and associates to oppose; it appears that the latter purchased from the receivers in equity some thousands of tons of coal, paying therefor over $22,000 in cash. They vigorously oppose any nullification of the proceedings that were taken in good faith in the equity suit, and the court under such circumstances will not make any disposition that would affect the rights of parties dealing with the receivers, who have acted in the utmost good faith and with no reason whatever to suspect any defect of the receivers' title, unless the authorities are clear, convincing, and absolutely binding upon the court. Where all the proceedings appear to be regular, it would give rise to an intolerable condition, if one could not deal with a receiver in equity with complete safety and the court will not establish such a precedent as the trustee in bankruptcy seeks to obtain.

The motion of the trustee, for an order vacating the decree appointing the receivers and dismissing the bill, must be denied.