No. 25,372.

The Emmett State Bank, *Appellee,* v. Emmett Farmers Union Coöperative Elevator and Mercantile Company, *Appellee;* Townley Metal and Hardware Company, *Appellant;* Blish, Mize and Silliman Hardware Company, *Appellant.*

SYLLABUS BY THE COURT.

Promissory Notes—*Jurisdiction of District Court to Appoint Receiver for Insolvent Defendant.* A court has jurisdiction to appoint a receiver in an action on promissory notes where a verified application for such appointment alleges defendant to be insolvent and that there is imminent danger of plaintiff's claim being lost.

Appeal from Pottawatomie district court. Martin A. Bender, judge. Opinion filed July 5, 1924. Affirmed.

*W. F. Challis,* of Wamego, and *Ernest S. Ellis,* and *Frank W. Yale,* of Kansas City, Mo., for the appellants.

*A. E. Crane,* of Topeka, *Maurice Murphy,* of St. Marys, *E. C. Brookens,* and *E. S. Francis,* both of Westmoreland, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: This controversy involves the validity of the appointment of a receiver for the defendant elevator company. Motions by the Townley Metal and Hardware Company and the Blish, Mize and Silliman Hardware Company to discharge the receiver were overruled, and they appeal.

On March 24, 1922, plaintiff filed its petition against the defendant to recover on two promissory notes amounting approximately to $12,500. At the same time it filed a verified application for the appointment of a receiver, wherein it was alleged that the defendant elevator company had been for some time, and was at that time, insolvent; that other suits were pending against it, and plaintiff was in imminent danger of losing its claim if a receiver were not appointed. On April 6 the Blish, Mize and Silliman Hardware Company obtained a judgment against the defendant. On April 15 the plaintiff and defendant appeared before the district judge in chambers and procured an order appointing a receiver. This order was in accordance with a stipulation entered into between the same parties on April 13. Immediately thereafter the receiver took charge of the property of the defendant. On May 31 the Blish and Townley companies filed motions to discharge the receiver. They

Muir v. City Railways Co.

contend that the statute gives no authority for the appointment of a receiver where no judgment has been obtained and where the action is for the recovery of money only on promissory notes; also that the proceedings by plaintiff and defendant were collusive and fraudulent. The plaintiff contends that the appellants, having filed no pleadings in the action, other than motions to discharge the receiver, are not in position to question the appointment of the receiver; that plaintiff's application for such appointment was sufficient under the statute, and that the court had jurisdiction to make the appointment.

The complaint of the appellants is based on the fact that the appointment of a receiver prevented them from having execution levied upon the property of the defendant. Under the circumstances, the appointment of a receiver to preserve the assets of the defendant for the benefit of all the creditors was proper. The allegations of plaintiff's application that the defendant was insolvent were sufficient to give the court jurisdiction to make the appointment. (R. S. 60-1201, fifth clause.) The receiver was appointed because of the admitted insolvency of the defendant. It was proper to preserve the assets of the defendant for the benefit of all the creditors. The appeal presents no error.

The judgment is affirmed.