Submitted on briefs May 26, affirmed June 30, rehearing denied July 28, 1925.

## STATE OF OREGON EX REL. A. M. CRAWFORD, ATTORNEY GENERAL, *v.* ALAMEDA CONSOLIDATED MINES COMPANY.

(237 Pac. 3.)

**Receivers—Sufficiency of Complaint in Suit for Appointment Immaterial, Where Corporation Consented Thereto Through Its Attorney of Record.**

Sufficiency of complaint, in suit for appointment of receiver for corporation, *held* immaterial, on appeal from order setting aside order vacating appointment, where corporation consented to appointment through its attorney of record.

---

See (1) 34 Cyc. 107.

From Josephine: C. M. THOMAS, Judge.

In Banc.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of *Mr. O. M. Cook.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. B. Hosford,* Assistant Attorney General.

BELT, J.—This is an appeal from an order entered April 1, 1925, setting aside an order, dated January 20th of the same year, vacating the appointment of a receiver for the defendant corporation and certain proceedings had in reference thereto since December 22, 1924. The appointment was made August 19, 1913, as a result of a suit brought for that purpose by the State of Oregon on the relation of A. M. Crawford as Attorney General and R. A. Watson as Corporation Commissioner of Oregon. The record

discloses that the defendant company filed a demurrer to the complaint in the above suit, but no disposition was made of the same. However, the challenge to the sufficiency of the complaint is immaterial in view of the fact that the company, through its attorney of record, consented to the appointment of the receiver in question. Appellant, who is a stockholder in the company and the substituted defendant herein, urges that the complaint in the suit for the appointment of the receiver failed to allege facts sufficient to have authorized the court so to act, and that all proceedings as above stated had in reference to such receivership are null and void. Substantially the same questions were before this court in *State ex rel. Crawford* v. *Almeda Consolidated Mines Co.,* 107 Or. 18 (212 Pac. 789), and were decided adverseiy to appellant therein. In that case this court, speaking through Mr. Justice RAND, refused to vacate and set aside the order of appointment of the receiver, and the reasons given for so holding still obtain. We deem it unnecessary to restate the law announced in the case above cited. Suffice it to say, what was said there is controlling here. The decree of the trial court is affirmed.    AFFIRMED.    REHEARING DENIED.

BROWN, J., took no part in the consideration of this case.