## No. 11,625.

### RIANT AMUSEMENT Co. *v*. BAILEY, TRUSTEE.

Decided September 13, 1926.

Proceedings involving the appointment of a receiver. On application for supersedeas.

### *Application Denied.*

1. APPELLATE PRACTICE—*Supersedeas—Bond.* There can be no supersedeas where plaintiff in error announces he cannot furnish bond therefor.

2. COURTS—*Receivers—Jurisdiction.* It appearing that the court had jurisdiction of the subject matter and of the parties, the appointment of a receiver contrary to the provisions of the Code is only an error, and not a jurisdictional question.

3. RECEIVERS—*Complaint—Sufficiency.* Allegations of a complaint in a receivership proceeding reviewed and held sufficient.

4. APPEAL AND ERROR—*Receivers—Evidence.* In a proceeding involving the appointment of a receiver, evidence reviewed, and held that the court did not abuse its discretion in making the appointment.

5. DEBTOR AND CREDITOR—*Judgment—Insolvency.* The contention that a judgment debtor could not be regarded as insolvent until the judgment against him had been affirmed on review, held unsound.

6.   JUDGMENT—*Presumption.*  A judgment is presumed to be correct.

7.   MAXIM—*"Potior est Conditio Defendentis"* is true in both trial and appellate courts.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. HORACE N. HAWKINS, Mr. WILLIAM H. DICKSON, for plaintiff in error.

Mr. ERNEST MORRIS, for defendant in error.

MR. JUSTICE DENISON delivered the opinion of the court.

THE trustee in bankruptcy of the United Collieries Company, bankrupt, brought suit and had a decree against plaintiff in error that the latter owed the bankrupt estate $40,000 which was in equity a lien on the debtor's property and ordered the property sold to satisfy the lien. The basis of the action was the charge that one Walker, who controlled both companies, had fraudulently diverted the funds of the Collieries Company to promote and establish the Amusement Company. The case was brought here on error and is now pending.

There was a motion for supersedeas which defendant in error confessed, provided a bond should be given, whereupon plaintiff in error announced that he could not give a bond; consequently there could be no supersedeas.

After the case came here the district court appointed a receiver pending the proceeding on error. The Amusement Company brings error again and asks for a supersedeas on the receiver matter. We think it must be denied.

The grounds are: (1) That the court had no jurisdiction to appoint a receiver; (2) that the complaint did not state facts to justify such appointment; (3) that the evidence shows no such facts.

1. As to the first ground: The district court has

jurisdiction of the subject matter and there was full appearance by all parties. What objection can there be then to the jurisdiction? The briefs say that it was contrary to the provisions of the Code respecting the appointment of receivers, but that would be error, not want of jurisdiction, and if, as plaintiff in error claims in this regard, the facts required by the Code for the appointment of a receiver are not shown, that is equal to and the same as the second and third grounds.

2. The petition for a receiver stated, inter alia, the decree, that defendant had failed to pay the $40,000 lien; that the property in question was the defendant's only property, all worth not more than $42,000, subject to a mortgage lien of $19,000 upon which $750 principal and six months' interest was overdue and unpaid; that the first half of the 1925 taxes was delinquent; that the Amusement Company was insolvent; that the building on the property is in disrepair; that defendant is collecting the rent, $450 per month, and is diverting it for the purpose of defending this suit, that without a receiver the plaintiff's lien will be endangered. This showed ground for a receiver. The mortgage and plaintiff's lien greatly exceed the value of the property and the security is greatly depreciated.

3. The evidence, plaintiff in error claims, fails to substantiate these statements. It appears, they say, that the arrears of taxes, principal and interest have been paid and future maturities will be met; that the property is yielding rent all and more than it is worth, that the decree forbids its diversion and that a receiver not only cannot make the matter any safer, but might not even be able to rent the property well and would certainly add to the expense. These arguments are very strong and might convince us if we were the trial court, but to leave the matter in defendant's hands would under this record be equivalent to making Walker a receiver without bond, and it is not unlikely that the court considered such a course would be indiscreet because hardly consistent

with its recent decree based on a finding that Walker had wrongfully diverted funds. We cannot say, therefore, that the district court abused its discretion.

It is argued that the Amusement Company cannot be regarded as insolvent till the judgment for plaintiff below for $40,000 is affirmed. The argument is not sound. The judgment is presumed to be correct, conversely in the district court the defendant's position was presumptively correct. The maxim "potior est conditio defendentis" is true in either court. The supersedeas in the receiver matter must be denied.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE ALLEN, and MR. JUSTICE WHITFORD, concur.