No. 29,230.

FRANK CHILDRESS, *Appellee*, v. THE FOX MINING COMPANY, *Appellant*.

(286 Pac. 262.)

Opinion filed April 5, 1930.

*E. B. Morgan,* of Galena, *M. W. Hinch,* of Miami, Okla., *Harry C. Brownlee* and *Thomas R. Blaine,* both of Kingfisher, Okla., for the appellant.

*Al F. Williams,* of Topeka, *Don H. Elleman,* of Columbus, and *Vern E. Thompson,* of Miami, Okla., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal brings up for review a decision of the trial court overruling a motion to vacate and set aside all proceedings formerly had in an action brought by Frank Childress, a stockholder and creditor of the Fox Mining Company, alleging that

it was insolvent and was no longer a going concern. The purpose of the action was to collect and preserve the assets of the mining company, establish its liabilities, provide for the allowance and rejection of the claims of creditors, and the final settlement and distribution of the proceeds of its assets. A motion to obtain a vacation of the proceedings is based on the contention that the petition asks for nothing but a receivership and that as no additional relief was asked all subsequent proceedings were a nullity. The plaintiff in its petition which was filed October 13, 1924, after naming the Fox Mining Company and certain creditors and claimants as defendants, alleged—

"That the Fox Mining Company is a corporation engaged in the mining business in Cherokee county, Kansas, and that the other defendants are creditors of said defendant corporation, who have obtained and now hold unsatisfied judgments against said defendant company on account of awards made for injuries alleged to have incurred in the mines being operated by said defendant corporation.

"This plaintiff alleges and states that he is a stockholder in said corporation. That said mining company is possessed of a mining lease on the southeast quarter of the northeast quarter of section 11, township 35 south, range 23 east of the sixth principal meridian in Cherokee county, Kansas, and the concentrating mill and appurtenances located thereon. That said company is not now engaged in the operation of its lease for the reason that at the present time it has not developed or discovered a sufficient amount of ore to justify the operation of its said mill, but that its lease is as yet not thoroughly explored by drilling, and that therefore the value of its property is problematical, but this plaintiff alleges and states the facts to be that the property of said company as it now stands is not worth an amount equal to its indebtedness, and that said corporation is insolvent, or at least is in imminent danger of insolvency.

"Plaintiff further alleges that said defendant company was insured against liability for injuries incurred in its said mine with the Associated Employers Reciprocal, a reciprocal insurance company, conducted and managed by Sherman-Ellis, Inc., as its attorneys in fact; that under the terms of its policy, when an accident was incurred by its employees in the operation of its mine, said company immediately advised its said insurance carrier, who had agreed to pay promptly all claims established against said company, and that until a short time ago, the said defendant company and this plaintiff as a stockholder in said company, were of the belief that all indemnity claims against said company were being adjusted by said insurance carrier, but that they are now advised that for a considerable period of time said insurance carrier has failed, without knowledge of said defendant corporation or of this plaintiff, to pay said claims, and that this plaintiff is now advised and states the facts to be that the other defendants named herein hold judgments or awards made and entered against this company under the workman's compensation law of the state of Kansas, providing for the payment of weekly indemnities, and

that said defendants are now threatening to bring proceedings to recover lump-sum judgments against said company, by reason of the fact that said claims are not being paid promptly; and this plaintiff states that the contingent liability of said company on said unpaid claims is now approximately $30,000, and there is outstanding other legitimate claims against said company in the amount of approximately $20,000.

"Plaintiff respectfully shows the court that he is a stockholder and creditor of said company; that he desires to see that the interests of said stockholders and creditors of said company are conserved, that the interest of all of the stockholders and creditors of said concern may be protected so far as possible, but that if the assets of said company are not protected by this court, and that if separate executions are levied upon its property, that the value of the estate of said defendant corporation will be diminished and that the interests of the creditors and stockholders will be unnecessarily sacrificed.

"Plaintiff further respectfully shows to the court that he is advised that there are reasonable grounds to believe that said indemnity insurance company will be enabled to ultimately settle in full all indemnity claims outstanding against said defendant company.

"Plaintiff further shows that said corporation has failed and refused to take any proceedings to preserve or protect said property for the benefit of its creditors and stockholders, although frequent requests have been made to said company so to do by this plaintiff.

"Wherefore, and for the reasons stated herein, this plaintiff prays that a receiver may be appointed to take charge of the assets of said company and to protect its leasehold interest, pending an adjustment of the claims outstanding against said company, and that said receiver so appointed may also be authorized and directed to prosecute such action or actions as may be necessary against said indemnity insurance company, for the recovery of moneys due said company or its creditors, and that the other defendants herein named be enjoined from further prosecuting their individual claims against said company, and that all proceedings in said matters be stayed, and that all the creditors of said company be required to file and present their claims to the receiver so appointed, all preferences or priorities which may have been obtained by proceedings brought by any of said defendants being recognized and considered in the ultimate distribution of the funds which may come into the hands of said receiver, by virtue of this proceeding; and that plaintiff be given such other and further relief in this action as shall appear to the court to be just."

The record shows that on October 18, 1924, the mining company accepted service of a summons and entered its appearance in the action, and the other defendants also accepted service of summons. After due notice and on October 18, 1924, a receiver was appointed, who was directed to take into his possession all the property of the mining company; to protect and manage it under the orders of the court; to prosecute such actions and file such claims with the indemnity company for moneys due the mining company and to

employ an attorney to prosecute claims against the indemnity company. The appointment was made without objection of any of the defendants and appears to have been a friendly suit. On November 6, 1924, the receiver reported the giving of a bond required, that he had taken out insurance on the property, employed a watchman to guard it, the pendency of bankruptcy proceedings in Chicago, in federal court, against the indemnity company, the necessity for an attorney to appear and represent the receiver upon claims for compensation for the employees of the mining company, and some other minor matters which the court approved and granted. On January 7, 1925, the receiver reported that he had obtained an option with parties to buy the mining property, which was approved by the court, but that option was soon surrendered. On April 11, 1925, the court ordered that after a notice to all parties is given the property be sold except claims against the insurance carrier and fixed April 22 for a hearing on the application. A hearing was had and on April 24, 1925, the court found and adjudged that the best interests of all the parties required that the property be sold, and that there be a liquidation of the physical assets of the mining company, including the lease, mill and equipment. The sale was made on May 16, 1925, to R. L. Kidner and Frank Childress for $18,000, and on that day the sale was approved without objection by the mining company or other defendant. The court then ordered that all persons holding claims against the mining company present their claims to the receiver within a time fixed, when the court would classify the claims, adjudicate the priorities and make an order of distribution, including allowance to the receiver and his attorney. An order of distribution was made on June 2, 1925, and compensation for the receiver and his attorneys allowed. On December 1, 1928, more than four years after the proceeding was instituted and more than three years after the distribution order, the mining company filed the motion to vacate the proceedings taken, including the order of sale and its confirmation, and because they were void, claiming that the court was without jurisdiction of the persons or subject matter of the action, but mainly on the ground that the petition did not state a cause of action. This motion was overruled, and of this ruling the Fox Mining Company complains.

Throughout the many proceedings had during the four-year period and until the filing of the motion to vacate the proceedings,

the mining company had not assumed an antagonistic attitude in the case or registered an objection to any of the proceedings, and now it is asking that everything done by the court be declared void because the petition did not state facts sufficient to confer jurisdiction on the court to do anything. It is argued that the appointment of a receiver is an ancillary proceeding which can only be granted in an action in which other substantial relief is sought. Defendant contends that the appointment of the receiver in this case was the primary and ultimate object of the litigation, and that no substantial relief was asked. An examination of the petition discloses plainly enough that equitable relief other than the appointment of a receiver was asked, and relief which a court of equity is warranted in granting. A stockholder and creditor brings the action for himself and for other stockholders and creditors, and before asking for a receiver states the situation in which the mining company had found itself, alleging that it had ceased to operate the lease, that its indebtedness exceeds the value of the property as it now stands, and that it is insolvent or in imminent danger of insolvency. After alleging a contract for indemnity with an insurance carrier, which it was said failed to carry out the contract, and that awards and judgments in favor of the injured employees to the amount of about $30,000 existed and that proceedings to enforce them against the property of the mining company were threatened, and further, that there were other claims amounting to $20,000, and that if the assets of the company were not protected from many separate executions or process based on lump-sum awards and judgments in favor of injured employees, it will greatly diminish the value of the estate and unnecessarily sacrifice the rights of creditors and stockholders. One source of funds mentioned is that there is reason to believe that the insurance carrier will later be able to pay the indemnified claims against the company. The company, it is alleged, is not a going concern and although requested to do so has refused to take any steps or proceedings to conserve the property.

Now what relief does the plaintiff pray for? He asks for a receiver to take charge of the assets of the company and protect the leasehold interests. He asked that the outstanding claims against the company be adjusted, that actions be prosecuted against the indemnity insurance company for the recovery of moneys due the company or its creditors, and that the defendants be enjoined from

prosecuting individual claims against the company until steps can be taken adjusting them, and that all proceedings in that respect be stayed. It was then asked that the creditors of the company be required to file and present their claims to the receiver, who was authorized to determine preferences or priorities which may have been obtained in proceedings brought so that all these may be considered in the ultimate distribution of the funds which may come into the hands of the receiver by virtue of this proceeding, with the further prayer for such other and further relief as the court may think just. It is manifest that more was sought than the appointment of a receiver. Plaintiff asked that the property of the dormant corporation be not only conserved, but that it be subjected to the claims and rights of the creditors and stockholders. The collection of the claims against the insurance carrier is not a minor ground of relief and the prayer contemplates that when all these things are done a distribution of the assets be made among all the creditors and stockholders as the court may direct. This is substantial relief. The statute expressly provides that a receiver may be appointed to subject property or a fund to a claim of a creditor or at the instance of anyone interested in any property or fund, and where it is shown that the property or fund is in danger of being lost. (R. S. 60-1201.) It is true that some courts have held that a receivership is not available except as ancillary to a pending case, but under our statute, which differs greatly from those of some other states, a receiver may be appointed on the grounds stated, although it may not be merely ancillary to a pending action. *In re Lewis,* 52 Kan. 660, 35 Pac. 287, is an example of authority to appoint a receiver in such a case as the present one. There a receiver was appointed where the business of a corporation was mismanaged so that it had become insolvent and its assets were being absorbed and dissipated to the injury of stockholders and creditors, an injunction was asked to enjoin the defendants from transferring the property, and that a receiver be appointed to take charge of the affairs of the company during the pendency of the action, and to do all that was necessary in winding up the affairs of a corporation. When the receiver sought to take possession of the property resistance was made by the president of the company on the ground that the court acted without jurisdiction in appointing the receiver, and he was held to be in contempt of the court in resisting the appointment. In disposing of the case it was said:

"While the authority to appoint a receiver should be strictly construed, and the power to wrest the property of a corporation from the management of the directors and officers should never be doubtingly exercised, we have no doubt in this case that the court was at least vested with jurisdiction to make the appointment. The facts alleged, if sustained, would seem to justify a court of equity, aside from any statutory provision, in appointing a receiver to protect the interests of stockholders against the malfeasance of the officers in charge of the corporate business and their fraudulent misapplication of its property and funds. Our statute upon this subject, while recognizing and preserving the general jurisdiction of courts of equity over corporations and in the appointment of receivers, enlarges and extends the power of courts in that respect. It not only provides that the appointment may be made in a proceeding ancillary to a pending cause, but confers authority to appoint a receiver for the preservation of rights and property, when such appointment is the principal object of the action." (p. 662.)

In a later case where the right to a receiver was denied because the circumstances did not warrant the appointment, and that there was another adequate remedy, it was declared that while the appointment of a receiver should be sparingly exercised one may be appointed at the suit of a stockholder because of the mismanagement of the business of the company so that it has become insolvent and its assets in danger of being dissipated and lost through the negligence and fraud of negligent and guilty officers. The rule in *In re Lewis,* supra, was there approved. (*Feess v. Bank,* 84 Kan. 828, 115 Pac. 563. See, also, *Bowen v. Flour Mills Corporation,* 114 Kan. 95, 217 Pac. 301; *Nelson v. United Elevators Co.,* 115 Kan. 567, 223 Pac. 814; *State Bank v. Elevator & Mercantile Co.,* 116 Kan. 550, 227 Pac. 257.)

Defendant cites and relies on *Burnes v. City of Atchison,* 48 Kan. 507, 29 Pac. 579. There a stockholder asked for a receiver whose sole duty was to prosecute a liability upon a certain contract and collect dividends on stock. He was not empowered to take possession of the property, nor charged with the preservation of any funds, nor the management of the business of the company. He was simply asked to enforce a liability upon a contract which the city itself was privileged to enforce and a receivership was held to be unnecessary and unauthorized. The case of *City of Parsons v. Parsons Water Supply & Power Co.,* 104 Kan. 294, 178 Pac. 438, is cited as an authority that a receiver cannot be appointed unless it be ancillary to an action to obtain other substantial relief and is not to be made where a receivership is the ultimate object of the action. It was held that as the sole relief asked was the appointment

of a receiver, the appointment was unauthorized. This cannot be regarded as an authority in this case, as here equitable relief is sought and plaintiff states grounds which under the general principles of equity warrant the appointment that was made. (See *Bowen v. Flour Mills Corporation,* supra.) Other cases are referred to where a receivership was held to be unauthorized, one of which was where a receiver was appointed before an intended action was begun. (*Guy v. Doak,* 47 Kan. 236, 366, 27 Pac. 968.) In another it was held that a receivership could not be employed to give a minority of stockholders control of the corporation as against the majority where the latter were acting in good faith and where the irregularities charged did not jeopardize the interests of the corporation or the rights of stockholders. (*Inscho v. Development Co.,* 94 Kan. 370, 146 Pac. 1014.) Another is *Stelzner v. Iron Clad Store Co.,* 123 Kan. 772, 256 Pac. 818, where an appointment was made *ex parte* without notice to defendant, and without the giving of a bond and wherein it appeared that the only relief asked was the appointment of a receiver to manage and conduct the business of defendant, and when that was done the main purpose of the action was accomplished and judgment in fact rendered. After securing an appointment nothing was left to try, and hence the appointment was held to be error. Under our statute and the interpretation placed upon it, the plaintiff stated a cause of action which justified the appointment of a receiver. As stated in the case of *In re Lewis,* supra, the statute—

"Not only provides that the appointment may be made in a proceeding ancillary to a pending cause, but confers authority to appoint a receiver for the preservation of rights and property, when such appointment is the principal object of the action." (p. 663.)

Here the preservation of the rights and property may be regarded as the principal purpose of the action, but whether it be the principal purpose and the receivership an incident of it, or whether the appointment of a receiver to care for and preserve the property is the primary object of the action, is immaterial. In either case the appointment is justifiable under the statute and also under the general principles of equity.

The judgment is affirmed.