[Nos. 23113, 23130.   Department One.   July 25, 1931.]

HARRY DRAPER, *Respondent,* v. J. G. ROBINSON LETTUCE FARMS, *Appellant.*[1]

*John F. Dore* and *T. M. Royce,* for appellant.

*Long & Hammer,* and *Chadwick & Chadwick,* for respondent.

HOLCOMB, J.—Two appeals are here for determination, which involve the same questions of jurisdiction, and are treated as one appeal.

[1]Reported in 2 P. (2d) 661.

On May 20, 1930, the lower court, upon an *ex parte* application of respondent, without notice, upon the ground that an emergency existed, appointed a temporary receiver for appellant. The complaint on which that order was made, supported by affidavits, alleged that the funds of the company were being wasted for the payment of salaries; that respondent was denied access to the books of the company and the company was without any business. May 27, 1930, was fixed as the return day, at which time the trial court vacated the appointment previously made, for the reason that no showing of emergency had been made. An amended complaint was then filed and affidavits in support of the allegations thereof, at which time, upon the hearing had, appellant being represented by counsel, the trial court made a further order appointing a receiver, and directed that appellants show cause on June 3, 1930, why that appointment should not be made permanent. The matter was not heard on June 3, but on June 27, 1930, at a hearing had on affidavits, the court entered an order appointing a permanent receiver. One appeal is prosecuted from the order of May 27, 1930, and the other from that of June 27, 1930.

As to the order of May 27 appointing a temporary receiver, the trial court having held that it was without sufficient showing of emergency therefor, it was, in effect, merged in the order in the proceedings thereafter had. The order of June 27, 1930, was made after an adverse hearing at which both parties were present and represented; and if the court had jurisdiction to appoint a receiver at all, no harm was done by the previous temporary appointment.

Summarizing, the amended complaint alleges that the object of the corporation was the growing of lettuce upon lands supposed to be owned by the company;

that the dividends were paid out of sales of capital stock and not out of net earnings; that J. G. Robinson was at all times president of the company, and that he transferred control to a holding company; that in 1928 the corporation became insolvent, passed through bankruptcy, and a composition with creditors was made; that the distribution of $300,000 par value stock, to the many stockholders was based upon false representations; that all the lands were lost by foreclosure except a strip of land 100 x 1000 feet, in Snohomish county, of no value to the corporation; that, although the corporation had no business, J. G. Robinson maintained an office and drew a salary. The amended complaint further alleges that Robinson proposed to a debtor on notes due the corporation that he buy Robinson's stock in the holding company and then pay off the notes by voting himself a salary to be taken out of the moneys remaining in the corporation treasury; that, failing in this plan, Robinson discounted the note five hundred dollars and was proceeding to dissipate the proceeds of about $5,800 when this action was commenced. It is further alleged that the complaining stockholder, as well as other stockholders, was denied access to the books of the corporation by Robinson, the president, and for over two years no business meeting was called; that, when questioned, Robinson, the president, stated that the books were in ''cold storage''; that, when the temporary receiver was appointed and proper demand made to inspect the books, Robinson refused such demand and failed to produce the books; that the business of the corporation was growing lettuce, and has long since been abandoned. Numerous affidavits support the application for a receiver. It was established that the business was gone, except for paying salaries to Robinson and a bookkeeper; and that the directors and other officers of the corporation had long ceased

to have any control of the corporate affairs, the books being in the exclusive custody of Robinson.

The principal contention of appellant is that a court is without jurisdiction to dissolve a corporation at the instance of a stockholder, or to dissolve or wind up the affairs of the corporation, or appoint a receiver for that purpose, and that this is settled by almost unanimous authority.

Rem. Comp. Stat., § 741, in part reads:

"A receiver may be appointed by the court in the following cases:

. . . . . . . . . . . . .

"3. In all actions where it is shown that the property, fund, or rents and profits in controversy are in danger of being lost, removed or materially injured;

. . . . . . . . . . . . .

"5. When a corporation has been dissolved or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights;

"6. And in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties; . . ."

This statute grants broad and ample powers to the courts.

Appellant cites and relies on *Larsen v. Winder*, 14 Wash. 109, 44 Pac. 123, 53 Am. St. 864, to sustain the contention that the first appointment of the temporary receiver was not within the judicial power of any one, and a pure judicial usurpation. We also said in that case, however:

"We are not required in this case to go so far as to hold that where it is made to appear by the circumstances in a given case that an imperative necessity exists for the appointment of a temporary receiver, the court might not afford relief pending a hearing upon proper notice."

*Cole v. Price,* 22 Wash. 18, 60 Pac. 153, is also quoted and relied upon as follows:

"Notice is the rule, and should always be required, excepting in cases of pressing emergency, where it is made to appear that immediate interference is necessary to prevent property from being wasted, destroyed, or lost, or where the giving of notice will imperil the delivery of the property over which the receiver is sought; and in such cases the order should be made returnable within a reasonable time."

Keeping in view a rule of this court in such cases that, in determining whether a receiver has been properly appointed, the court will consider the affidavits and oral evidence properly in the record, as well as the allegations of the complaint, but will not overrule or interfere with the discretion of the trial court on the mere weight of evidence (*Cameron v. Groveland Improvement Co.,* 20 Wash. 169, 54 Pac. 1128, 72 Am. St. 26), we consider that the showing made in this case was sufficient for the appointment of a temporary receiver under the decision in the *Cole* case, *supra.* There, the appointment of a receiver by the trial court was made expressly temporary to remain in force until the hearing should be had on the application for a receiver pending the action and until the further order of the court. We there distinguished the allegations and those contained in the complaint in the *Larsen* case, *supra,* and in the affidavit accompanying it. We pointed out that it was stated in the *Larsen* case that, where it is made to appear by the circumstances that an imperative necessity exists for the appointment of a temporary receiver, the court might afford relief pending a hearing upon proper notice. We then stated that a grave exigency should exist to warrant the court's resorting to this extraordinary remedy; and we would be extremely reluctant to give sanc-

tion to a rule which would permit the summary taking of property from the possession of a defendant, and putting it in the custody of another, without notice and an opportunity for hearing.

The order of the lower court appointing the temporary receiver *pendente lite* was upheld.

The rule above announced has always been consistently adhered to by us. Compare, *Secord v. Wheeler Gold Mining Co.*, 53 Wash. 620, 102 Pac. 654; *Van Horn v. New Western Shingle Co.*, 54 Wash. 117, 103 Pac. 42.

In the last cited case, while reiterating the rule to be followed by the courts of this state, we reversed the lower court for dismissing an action for the appointment of a receiver for a corporation, holding that the complaint by a minor stockholder of the corporation there in question was sufficient to allege dissipation of the assets and capital of the corporation, illegal voting of salaries by the managers to themselves, and that irreparable injury would be suffered by the stockholders by such acts.

23 R. C. L. 22, thus states the rule:

"But where the acts of directors or officers are of such a character as to amount to a gross mismanagement of the business of the corporation or to a misapplication of its assets to the injury of its stockholders or creditors a receiver will be appointed."

23 R. C. L. 24:

"A receiver will ordinarily be appointed where the corporation ceases to exist, or the purpose of its organization is impossible of attainment, or it abandons its business."

See, also, 14A C. J. 951, 952 and 954. Section 3171, p. 954, states that

"As, for example, by provisions that a receiver may be appointed in all cases where receivers have thereto-

fore been appointed by the usages of courts of equity; or where the corporation is insolvent or in imminent danger of insolvency; or where the appointment of a receiver is necessary to secure ample justice to the parties."

To the same effect is 2 Clark on Receivers (2nd ed.), pp. 1113 and 1117; 8 Fletcher Cyclopedia Corporations, pp. 8844 and 8845.

Appellant also contends that the court was without jurisdiction to appoint a receiver, as all of the stockholders were not made parties, quoting Rem. Comp. Stat., § 189, which, in part, provides:

"All persons interested in the cause of action, or necessary to the complete determination of the question involved, shall, unless otherwise provided by law, be joined as plaintiffs when their interest is in common with the party making the complaint, and as defendants when their interest is adverse to the plaintiff."

The case of *Beeler v. Standard Investment Co.*, 107 Wash. 442, 181 Pac. 896, is also cited and relied upon. That case, however, did not determine this question because of the fact that it was there decided that no real cause for the appointment of a receiver existed and that the point would not be considered.

The general rule is that

"The corporation is a necessary party, and no receiver can be appointed for a corporation unless the corporation is made a party. However, it is not necessary to join the directors or other officers, stockholders, . . ." 8 Fletcher Cyclopedia Corporations, p. 8894.

This action was instituted by respondent on behalf of himself and all other stockholders similarly situated.

It is also contended that, as a condition precedent to this suit, respondent is required to seek redress within the corporation.

That is the general rule (*Secord* case, *supra*, and *Kahan v. Alaska Junk Co.*, 111 Wash. 39, 189 Pac. 262, 10 A. L. R. 151), but it can be of no force in a case where the principal relief is based upon the facts that the corporation is wholly controlled by one man who refuses access to the books of the company, and there was no regularly elected board of trustees to act. 8 Fletcher Cyclopedia Corporations, p. 8887; *Boothe v. Summit Coal Mining Co.*, 55 Wash. 167, 104 Pac. 207.

Whether the order of May 27, 1930, was justified, it became immaterial when the order of June 27 was made after due hearing.

After due consideration, we are convinced that the order of June 27, 1930, was made upon a proper showing for the appointment of a receiver, and that there was ample justification therefor in this case.

Affirmed.

TOLMAN, C. J., MITCHELL, BEALS, and PARKER, JJ., concur.