INTERNATIONAL LIFE UNDERWRITERS, INC., A CORPORATION, M. A. OHLSON, R. G. COLLISON, W. N. KINGSBURY AND GEORGE E. McKERNON, PETITIONERS, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, THE HONORABLE WM. McKNIGHT, JUDGE, RESPONDENT.

No. 3335

May 26, 1941.                    113 P. (2d) 616.

44

(Ducker, C. J., dissenting.)

*Clarence M. Hawkins,* of Auburn, Calif., and *Geo. E. McKernon,* of Reno, for Petitioners.

*W. M. Kearney* and *Robert Taylor Adams,* both of Reno, for Respondent.

## OPINION

By the Court, Orr, J.:

Petitioners ask for a writ of prohibition, and in their petition allege that of the 250,000 shares of common stock of the Pacific American Life Insurance Company there is issued and outstanding approximately 94,000 shares; that the petitioners are the holders and owners of approximately 40,000 shares of said stock; that because of the surreptitious, clandestine and collusive seizure by the receiver of the said Pacific American Life Insurance Company, the petitioners present the said petition as stockholders and in behalf of the corporation. Petitioners allege that with the exception of nine directors, a large majority of the holders of the outstanding stock are and were opposed to any receivership of said company; that the board of directors of said company is composed of seventeen; that nine directors of said company collusively, clandestinely, and without notice to petitioners caused to be prepared a certain complaint naming themselves as plaintiffs along with other persons, and caused to be prepared a purported answer to said complaint; that the said nine directors clandestinely and collusively caused an attorney to be delegated and appointed secretly to appear in

a certain action tried in the Second judicial district court of the State of Nevada, as attorney for the Pacific American Life Insurance Company and to admit the allegations of the said complaint and to consent to the appointment of a receiver; that said nine directors directed and authorized the said especially selected attorney to sign said answer, and that said attorney did, in following said instructions and not otherwise, sign same. It is alleged that the petitioners had no knowledge of the acts of the said nine directors, nor any notice thereof; that after the said complaint and said answer were prepared, without notice in any respect to the other eight directors, the said nine directors heretofore referred to, on Saturday, February 1, 1941, caused said complaint and answer to be filed in the office of the county clerk of Washoe County, Nevada. Petitioners further allege that promptly after the filing of said complaint and answer, without notice and without the service of summons on any person whomsoever, the said complaint and answer were presented to the judge of department 1 of said Second judicial district court, and thereupon, at once and without any hearing or taking of evidence, said judge granted a motion for the appointment of a receiver of said Pacific American Life Insurance Company; that the said receiver, after qualifying under the terms and conditions of said order and after taking possession and control of the properties and affairs of the said Pacific American Life Insurance Company, seized and entered into the control of the said Pacific American Life Insurance Company, and threatens to and will remain in control of same for said court, unless said court is restrained from the alleged wrongful and illegal proceedings.

An alternative writ was issued February 13, 1941. A return was filed February 27, 1941.

■ Respondent has filed a demurrer to the petition, also a motion to strike. First, it is urged that the demurrer and motion should be upheld ·because it

appears on the face of the petition that petitioners have a remedy by appeal or intervention. Appeal and intervention are not always speedy or adequate. A determination as to whether either or both remedies would be speedy or adequate in this case requires more than a mere inspection of the complaint.

■ The second ground of demurrer is the petition does not state facts sufficient to warrant the relief asked. Exhibit "A" attached to the answer contains a copy of the minutes, from which it is ascertained that the meeting of the directors at the time the decision was reached to ask for a receiver and to authorize an attorney to appear for the corporation was a regular meeting, of which it is presumed all directors would have notice. It is necessary to go to the return to learn these facts. Paragraph V of the petition, on page 3, alleges that nine directors, collusively, clandestinely, and without notice to petitioners, held a meeting. The demurrer admits the allegations of the petition as to the clandestine and secret character of the meeting, which, if true, would nullify the proceedings instituted for the appointment of a receiver, and also render null and void other business transacted at such meeting. For this reason, the demurrer on the ground that the petition does not state sufficient facts is overruled. The same reasoning applies to the motion to strike, and said motion is denied.

In support of the issuance of the permanent writ the petitioners present the following points: (1) That the power and jurisdiction of the district court to appoint the receiver mentioned in the petition must be found in the statute, because a court of equity is without jurisdiction to appoint a receiver to wind up the affairs of a corporation and dissolve it; (2) there is no statute in the State of Nevada which empowers a district court to appoint a receiver for a corporation without a hearing; (3) there is no substantial or essential difference between sections 1645 and 1646 N. C. L. and sections 1785 and 1786 N. C. L. under consideration in

the case of Golden v. District Court, 31 Nev. 250, 101 P. 1021; (4) that the complaint filed in the district court and attached as exhibit "A" to the petition does not constitute a cause of action within the jurisdiction of the district court, because: (a) there is no provision or statute recognizing a receiver by consent; (b) there is no allegation upon which to base any relief other than a receiver, relief incidental to receivership and dissolution, and this is insufficient to constitute a cause of action within jurisdiction; (5) the exhibit "A," being the complaint filed in the district court, shows upon its face that the purpose of the proceeding was to secure employment for the receiver and to hinder and delay creditors, and that such showing renders the entire proceeding illegal; (6) that to admit to the statute the operation necessary to sustain the jurisdiction of the district court in the instant action is to place the statute in contravention of amendment XIV to the federal constitution and in contravention of article I, section 8, of the Constitution of Nevada, and to take property without due process.

In the determination of the merits of the petition we are concerned with the sole question: Did the district court have jurisdiction to make the order complained of? We will dispose of the questions involved in the order presented by petitioners and hereinabove set out.

■■ Courts are reluctant, in the absence of statutory authority, to assume they have jurisdiction to dissolve corporations; but it is admitted that the legislature may confer such jurisdiction, and in this state such power is given in section 1648 N. C. L. The suit in the district court of which petitioners complain was instituted under section 1645 N. C. L. and not under section 1786 N. C. L.; and it is equally apparent the action was not instituted under section 8749 N. C. L. In the suit in the district court upon which these proceedings are based, the dissolution of the corporation is not asked, unless the court shall so order after determining

that the affairs of said corporation cannot be put in shape for the return to it of the assets and property taken over by the receiver. Petitioners profess to see no difference between section 1645 and related sections and section 1786 and its related sections. It seems to us that the difference in the authority granted and procedure permitted is both apparent and real. In section 1645 provision is made to permit a receiver to take control of a sick and ailing corporation whose malady is yet in a state where, by careful handling, such corporation has an excellent chance to shake off the malady and convalesce into a sound and going institution, in which event its management and property can be handed back to its directors and stockholders. When the provisions of section 1785 are invoked, it is recognized by those asking the protection of its procedure that the malady afflicting the corporation has progressed to a point where it is hopeless, and the only remaining thing to do is to take advantage of the statute providing for such a corporation's demise, wind up its affairs and take care of the stockholders and creditors to the extent that the assets will permit. In assailing the procedure adopted and the action taken by the district court herein, the petitioners rely upon the cases of Hettel v. District Court, 30 Nev. 382, 96 P. 1062, 133 Am. St. Rep. 730; Golden v. District Court, 31 Nev. 250, 101 P. 1021; and State ex rel. Nenzel v. District Court, 49 Nev. 145, 241 P. 317, 43 A. L. R. 1331.

The Hettel and Golden cases, above referred to, were instituted under the provisions of section 1786 N. C. L., and the Nenzel case was instituted under section 8749 N. C. L. The procedure provided by section 1645 N. C. L. was not in the statute at the time of the decisions in the Hettel and Golden cases. In the Hettel case dissolution was ordered on an ex parte hearing. In the Golden case there was no appearance by the corporation, such as in the case in the district court which we are now considering. A citation was issued in the

Golden case to forthwith show cause why the corporation should not be dissolved, and this court stressed the point that there was dissolution without notice, and also held that the directors were necessary parties under section 1786, chiefly because they had a preferential right to be appointed receivers. There is no such preferment given by section 1645, and that necessity for making the directors parties is not present. We see no jurisdictional requirement to make any other parties defendants or to give notice, in the absence of a statutory provision such as appears in section 1786. The action which the court, in the Hettel and Golden cases, criticized most strongly was the forthwith dissolution of a corporation without notice. In the Nenzel case the court was considering the procedure outlined in section 5193 (now section 8749 N. C. L.), and refers to the French Bank Case, 53 Cal. 495, construing a California statute nearly identical with section 5193. The Nenzel and French Bank and other cases cited by counsel for petitioners state that under section 5193 and similar statutes there must be an action pending before a receiver can be appointed. We do not think that has any relevancy to cases brought under our statute, section 1645 N. C. L.

We will dispose of point (2) made by petitioners by stating that we think the return discloses that there was a hearing and facts presented to the court before a receiver was appointed.

We have taken care of point (3) in pointing out what appears to us as a substantial difference between sections 1645 and 1646 N. C. L. and sections 1785 and 1786 N. C. L.

■ Under point (4) the petitioners contend that the complaint in the district court does not state facts sufficient to constitute a cause of action. A comparison of the allegations of the complaint with the statute convinces us that the allegations are of the kind and character which the statute states are sufficient to justify

the relief asked. Section 1645 N. C. L. provides for relief when a corporation "shall suspend its ordinary business for want of funds to carry on the same." We find such an allegation in paragraph two on page 4 of the complaint. Further, section 1645 provides for relief "if its business [speaking of a corporation] has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders." We find such an allegation in paragraph 2 on page 4 of the complaint. Petitioners complain that the allegations of the complaint referred to supra are but the conclusions of the plaintiffs in the lower court. We think they are sufficient insofar as the jurisdictional question is concerned. If more information is desired, same may be had by proper procedure in said court. Section 1645 makes the following provision relative to the issuance of an injunction, viz: "If * * * it shall appear to said court that the corporation has become insolvent and is not about to resume its business in a short time thereafter, or that its business has been and is being conducted at a great loss and greatly prejudicial to the interests of its creditors or stockholders, so that its business cannot be conducted with safety to the public." It is petitioner's position that it is the safety of the public and not creditors or stockholders with which section 1645 is concerned. Assuming such to be the correct construction, we find in this case a question of real concern to the public. This corporation is an insurance company; its principal business is selling insurance policies; the affairs of the corporation having been represented to the court as being in a condition bordering on collapse, it was the court's duty to take steps to insure the public against the possible purchase of policies of insurance until the soundness of the financial structure of the corporation could be ascertained. Injunctive relief against the officers and agents of the corporation is the protection prescribed. People's Bonded Trustee v. Wight, 72 Utah 587, 272 P. 200;

Childress v. Fox Mining Co., 130 Kan. 402, 286 P. 262, 263; Nelson v. United Elevators Co., 115 Kan. 567, 223 P. 814; In re Lewis, 52 Kan. 660, 35 P. 287.

■ Under point (4) the contention is that the law does not recognize a receiver by consent. We do not believe that such was the procedure had. The defendant corporation merely appeared and admitted the allegations of the complaint and consented that the relief prayed be granted. The decision as to whether under the circumstances and the facts presented the appointment of a receiver was authorized remained for the court, and the authorities presented by petitioners, in order to control here, would have to be enlarged from a holding that jurisdiction cannot be conferred by consent to the point of holding that a defendant would not be permitted to admit the allegations of a complaint or consent that the relief asked for be granted. If the court had jurisdiction, we cannot see wherein a party defendant can be precluded from making admissions as to the truth of the charges and consent to the granting of the relief asked. In re Paramount-Publix Corp., D. C., 10 F. Supp. 504; Atwater v. Community Fuel Corp., D. C., 291 F. 686; Davis v. Consolidated Gold Co., 41 Wash. 480, 84 P. 22; State ex rel. Crawford v. Almeda Con. M. Co., 115 Or. 373, 237 P. 3; Lincoln Printing Co. v. Middle West Utilities Co., 7 Cir. 74 F. (2d) 779. See, also, Irving Nat. Bank v. District Court, 47 Nev. 86, 217 P. 962.

■ The following cases hold that upon the appearance of a defendant corporation the court has jurisdiction of the subject matter and of the parties: Riant Amusement Co. v. Bailey, 80 Colo. 65, 249 P. 7; State v. Tidball, 35 Wyo. 496, 252 P. 499; Draper v. J. G. Robinson Lettuce Farms, 164 Wash. 8, 2 P. (2d) 661.

Point (5) raises the question of collusion, and an examination of the cases heretofore cited will demonstrate that the mere fact that a corporation appears and consents to the appointment of a receiver is not of

itself sufficient to sustain such a charge, and more has not been shown by petitioners.

■ As to point (6), we do not think that there is anything shown that has been done or is to be done which will deprive the corporation or stockholders of property without due process.

■ Courts are vested with discretion as to the issuance of a writ of prohibition, and it will only issue in cases of great necessity or urgency. Walcott v. Wells, 21 Nev. 47, 24 P. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478; Evershaw v. Moran, 57 Nev. 417, 65 P.(2d) 877; Arascada v. District Court, 44 Nev. 37, 189 P. 621.

■ If the writ would not be in furtherance of justice and there is no usurpation or abuse of power, the court's discretion will be exercised against the issuance thereof. Walcott v. Wells, supra; Turner v. Langan, 29 Nev. 281, 88 P. 1088; Metcalfe v. District Court, 51 Nev. 253, 274 P. 5; Ellison Ranching Co. v. Bartlett, 53 Nev. 420, 3 P.(2d) 151.

Petitioners, of course, are familiar with and recognize this rule, but insist there is no jurisdiction in the lower court, as before stated. With this contention we are not in accord.

We cannot see wherein the issuance of the writ here would be in the furtherance of justice. Under the careful guidance of the court it is entirely probable that the affairs of the corporation may be so straightened out as to react to the benefit of all concerned. It seems apparent, from an inspection of the parties plaintiff in the lower court, that many who have advanced funds for the use of the corporation see in a receivership the only hope of making some recoupment.

Petition denied.

TABER, J., I concur.

DUCKER, C. J., I dissent.

ON PETITION FOR REHEARING

July 30, 1941.                    115 P.(2d) 932.

For former opinion, see 61 Nev. 42, 113 P.(2d) 616.

*Clarence M. Hawkins,* of Auburn, Calif., and *Geo. E. McKernon,* of Reno, for Petitioners.

*W. M. Kearney* and *Robert Taylor Adams,* both of Reno, for Respondent.

## OPINION

By the Court, ORR, J.:

We find in the petition for rehearing three propositions not discussed in our original opinion. Said propositions and our answers thereto follow:

First—That the answer in case No. 66620, filed in the district court, was not verified as required by law.

■ The plaintiffs in that case were the only parties in a position to object, and they not only failed to object but waived the verification.

Second—Petitioners complain that the return to the order to show cause issued out of this court was not in proper form, in that it was not signed by the judge of the court to whom it was directed, and, further, that it was not verified.

█ We think that a complete answer to this point is that a return need not be a formal pleading in the nature of an answer. State v. Streshley, 46 Nev. 199, 209 P. 712.

Third—Petitioners assert that the new insurance statute (Stats. 1941, c. 189, p. 451 et seq.) deprived the district court of jurisdiction in this matter.

█ This statute is not retroactive and does not affect cases commenced prior to its passage. Virden v. Smith, 46 Nev. 208, 210 P. 129. Further, section 157 of said act makes such an express exemption; it reads: "No action or proceeding commenced before this act takes effect and no right accrued is affected by the provisions of this act, but all procedure thereafter taken therein shall conform to the provisions of this act so far as possible."

As to the other matters presented in the petition, we are satisfied with what we said in relation thereto in the former opinion.

The petition for rehearing is denied.

TABER, J., I concur.

DUCKER, C. J., I dissent.